STRONG, appellant, v. LEE, administrator, etc., *et al.*

*Parties, joinder of — action in nature of scire facias.*

In an action, brought as a substitute for a *scire facias*, to revive a judgment against a deceased debtor, *held*, that the heir at law of the judgment debtor and the administrator of his estate could not be joined as defendants.

APPEAL from an order of the special term sustaining a demurrer The facts appear in the opinion.

*J. C. Strong*, for appellant.

*O. O. Cuttle*, for respondent.

MULLIN, P. J.    It is alleged in the complaint in this action, that in April, 1861, Abijah Mann, Jr., recovered a judgment in this court for $1,065.54 against John McClosky, who subsequently died.    At sometime prior to the commencement of the action, Mann died, leaving a last will appointing three persons executors thereof, who assigned said judgment to this plaintiff.    The defendant, Lee, was appointed administrator of the estate of McClosky, and the defendant, Victorine McClosky, is one of the heirs at law of said McClosky, and has inherited from him certain land in the county of Genesee, of which said McClosky died seized.

It is further alleged, that no execution has been issued on said judgment, and it remains wholly unsatisfied.    Judgment is demanded that the said judgment be revived in plaintiff's favor as against the heirs and personal representatives of said McClosky, and as against his estate, and that plaintiff have leave to issue execution to enforce payment of said judgment.

Each of the defendants demur to the complaint on six grounds:

1. That there is a defect of parties defendant.

2. A defect of parties plaintiff.

3. Several causes of action improperly united.

4. The complaint does not state facts sufficient to constitute a cause of action.

5. It does not state facts sufficient to constitute a cause of action against either of said defendants.

6. The defendant Lee, as administrator, is improperly joined with the defendant Victorine.

The court at special term sustained the demurrer, on the ground that the administrator and the heir at law cannot be joined in the action, with leave to plaintiff to amend, and judgment was ordered accordingly and from it the plaintiff appeals.

The plaintiff concedes that if the action to revive a judgment, given by the Code is to be governed by the same rules that applied to the proceeding by *scire facias*, as regulated by the Revised Statutes, it cannot be maintained and the demurrer was properly allowed.

But his view of the practice is, that the proceeding by *scire facias* being abolished by the Code, and a remedy by action substituted therefor, the action thus authorized must be governed by the provisions of the Code which apply to other actions brought pursuant to its provisions, and that there must be the same parties plaintiff and defendant, and the different causes of action may be joined as in other actions prosecuted under the Code. If the counsel is right in this, the order of the special term must be reversed, otherwise it must be affirmed.

Section 428 of the Code abolished the writ of *scire facias*, and provides that the remedy theretofore obtainable in that form may be obtained by civil action under its provisions.

By the former practice, if an execution was not issued within two years from the docketing of a judgment, a *scire facias* was necessary in order to obtain an execution on such judgment. A *scire facias* was also necessary when the plaintiff died after final judgment, and before execution issued. So also when a defendant died after final judgment and before execution.

When the *scire facias* was issued by reason of the death of the plaintiff, his executor or administrator was the proper party plaintiff, unless the action was a real one, in which case the heir was the proper party. When the defendant died the writ must issue against his personal representatives. When the judgment was revived and an execution issued against the personal estate in the hands of his executors or administrators, if it was returned *nulla bona*, and the defendant owned real estate liable to pay such judgment, a *scire facias* could issue against the heirs and terre tenants to subject it to the payment of said judgment. Writs against personal representatives were required to issue within one year after the cause for issuing the same shall arise. 2 R. S. (2d ed.) 477, 478, §§ 1, 2, 3.

These provisions are modified by the Code, and as modified apply to judgments docketed since the Code took effect, and a *scire facias*

to revive a judgment is no longer necessary in cases in which the Code has furnished another adequate remedy.

By section 283, an execution may be issued by the personal representatives of a deceased plaintiff on a judgment, to enforce it, within five years after the entry of the judgment. After the expiration of five years from the entry of the judgment, an execution can only issue by leave of the court upon motion, with personal notice to the adverse party, unless he be absent or non-resident or cannot be found to make such service, in which cases it may be made by publication. Code, § 284.

In case of the death of a judgment debtor after judgment, the heirs, devisees or legatees of the judgment debtor, or the tenants of real property owned by him and affected by the judgment, may, after the expiration of three years from the time of granting letters testamentary or of administration upon the estate of the testator or intestate, be summoned to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands respectively, and the personal representatives of deceased judgment debtors may be summoned at any time within one year after their appointment. Code, § 376. The mode of proceeding upon said summons is regulated by the five succeeding sections. Under these provisions, it is no longer necessary to resort to an action as a substitute for a *scire facias* in case of the death of either a plaintiff or defendant, after judgment and before execution; nor to reach the property of the judgment debtor in the hands of devisees, legatees, heirs or terre tenants, the Code furnishing ample redress in those cases.

It does not necessarily follow, that because a new remedy is given to revive and enforce judgments, that the remedy by action, as a substitute for *scire facias*, is abolished. The two may stand together; but if the plaintiff will not adopt the simple and inexpensive remedy provided by the Code, he must be held to a strict conformity to the proceedings required to be pursued in case of *scire facias*, as far forth, at least, as they can be pursued in an action under the Code.

The heirs or terre tenants could not be joined with the personal representatives of a deceased judgment debtor, in proceedings to revive a judgment and enforce it against the personal estate. The two classes of persons had no common interest or liability, hence they must be proceeded against separately. In the proceedings pre-

scribed by section 376 both classes of persons, it would seem, may be united, and a judgment entered determining the liability of each. But no such joinder can take place in an action brought as a substitute for a *scire facias*.

The last clause but one of section 167 of the Code presents, it seems to me, an insuperable objection to uniting a cause of action to revive and enforce a judgment against real property with one against personal. That clause declares that the causes of action that may be united must affect all the parties to the action. By this is meant, I suppose, that each cause of action must affect all those made defendants. A cause of action against the personal representatives cannot bind the heirs or tenants of the real estate. Other difficulties equally fatal to the joinder might be suggested, but this one is enough.

It is true, as the counsel for the plaintiff suggests, that the provisions of the Code, as to parties, forms of pleadings and proceedings, apply to actions brought as substitutes for writs of *scire facias;* but so long as the provisions of the Revised Statutes, in relation to such writs and proceedings under them, are left in force, they must control the joinder of parties and the allegations to be embodied in the pleadings, and under the Revised Statutes no such joinder of parties or causes of action as is attempted in this case can be permitted.

It may be it would lessen expense and trouble to permit such a joinder of parties and causes of action, but the courts cannot sanction it until the legislature shall so require. And as it has provided a cheap and simple mode of proceeding against personal representatives and heirs, etc., it is to be assumed that the Legislature did not understand that the same end could be attained under the then existing practice.

If the plaintiff's counsel had wished to avoid the technicalities attending the prosecution of an action, he should have followed section 376 of the Code.

The judgment must be affirmed, with leave to plaintiff to amend his complaint on payment of the costs of the demurrer and of this appeal.

*Judgment accordingly.*